KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
R. LAWRENCE BRAGG, State Bar No. 119194
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-2595
 Fax:  (916) 324-5205
 E-mail:  Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendant Fisk*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JOSEPH BUFFKIN,**<br><br>                                   Plaintiff,<br><br>     v.<br><br>**J. FISK,**<br><br>                                   Defendant. | 2:15-cv-0802-MCE-EFB P<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:        The Honorable Edmund F. Brennan<br>Trial Date:   October 3, 2016<br>Action Filed: April 14, 2015 |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.     CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER.**

In this action Defendant Fisk, an employee of the California Department of Corrections and Rehabilitation (CDCR), fired a 40 mm direct impact round which struck Plaintiff in the head during an incident involving a fist fight between other inmates at Mule Creek State Prison (MCSP) on April 21, 2014. This incident and the use of force by Fisk were investigated by CDCR personnel who prepared confidential reports documenting the results of these investigations.

1       CDCR also maintains a personnel file concerning Defendant Fisk.

2       **B.     NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL.**

3       CDCR contends that the investigative reports are protected by the official information and deliberative process privileges. CDCR asserts that maintaining confidentiality of these investigative reports is necessary to encourage witnesses to provide candid and truthful statements and that the release of the information to inmates would endanger institutional safety by disclosing the processes and procedures used to respond to inmate violence. Disclosure also could inform inmates of CDCR's investigatory techniques and could hamper future investigations.

CDCR maintains that the personnel file of Defendant Fisk is protected by the official information privilege, the right of privacy, under Cal. Const. Art. I, § 1, Penal Code sections 832.5, 832.7, 832.8, Government Code section 6254, Civil Code sections 1798.24 and 1798.40, and California Code of Regulations Title, 15 section 3400.  CDCR further maintains that the personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. In addition, CDCR asserts that the personnel file of Fisk is considered as confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which to an inmate could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.

**C.     NEED FOR A COURT ORDER.**

 In the course of this litigation, Plaintiff Buffkin has demanded the production of the investigative reports prepared by CDCR personnel concerning the incident of April 21, 2014, and the use of force by Fisk, as well as the personnel file maintained by CDCR concerning Fisk. Since CDCR is not a party to this litigation, a private agreement among the parties is not sufficient to protect CDCR's interests in maintaining the confidentiality of these investigative documents.

**D.     CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

The Court orders the following to protect the confidentiality of the confidential documents described above:

1. The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Defendant and/or CDCR as "Confidential," and those confidential records and information which the Court orders Defendant and/or CDCR to produce following an *in camera* hearing. The Court-issued Protective Order applies because those documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

2. The confidential material may be disclosed only to the following persons:

    (a) Plaintiff Buffkin's retained attorney(s) of record;

    (b) The attorney(s) of record for Defendant and CDCR;

    (c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Buffkin, Defendant, and CDCR, who are necessary to aid counsel for Buffkin, Defendant, and CDCR in the litigation of this matter;

    (d) Court personnel and stenographic reporters necessarily involved in these proceedings; and

    (e) Any outside expert or consultant retained by counsel for Buffkin, Defendant, and/or CDCR for purposes of this action.

3. None of the confidential material or information contained within the confidential material shall be shown to Buffkin, or shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendant and CDCR, who maintain possession and control over the original confidential material.

4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access

the confidential material before providing that individual with access to the confidential material, and that individual must agree in writing to comply with this order.  Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided.   The Court and counsel for Defendant and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

     5.     Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement:  "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order."  Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties.  If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

     6.     The portion(s) of any transcript of a deposition of any witness testifying about confidential information shall be designated as confidential by the court reporter at the request of Defendant and/or CDCR and kept under seal subject to a further order of the Court.   Information or material designated as confidential  by Defendant and/or CDCR may be disclosed or discussed in open court, subject to a Motion in Limine and/or Motion for Protective Order filed by Defendant and/or CDCR.

     7.     At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Buffkin shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendant.

     8.     All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

     9.     Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

10. The provisions of this order are without prejudice to the right of any party:

    a. To apply to the Court for a further protective order relating to any other confidential documents or material, or relating to discovery in this litigation;

    b. To apply to the Court for an order removing the confidential material designation from any documents; or

    c. To object to a discovery request.

11. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendant and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

**SO STIPULATED.**

Dated: September 28, 2015            PROVENCHER & FLATT, LLP

*/S/ GAIL F. FLATT*

GAIL F. FLATT
*Attorneys for Plaintiff Buffkin*

KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General

*/S/ R. LAWRENCE BRAGG*

R. LAWRENCE BRAGG
Deputy Attorney General
*Attorneys for Defendant Fisk*

**IT IS SO ORDERED**.

Dated: October 6, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

SA2015300506
32202498_5.doc